Case 4:15-cv-02313   Document 26   Filed in TXSD on 08/26/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OAKWOOD SHORES PROPERTY OWNERS ASSOCIATION, INC., § § § Plaintiff, § VS. § NTP TIMBER PLUS + FUND I, L.P., *et al*, § § § Defendants. § | CIVIL ACTION NO. 4:15-CV-02313 |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court are the defendants', NTP Timber Plus + Fund I, L.P. ("NTP") and Oakwood Shores, LLC ("Oakwood") (collectively, the "defendants"), motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) (Dkt. Nos. 19 and 20). The plaintiff, Oakwood Shores Property Owners' Association, Inc. (the "plaintiff") filed a response in opposition to the motions (Dkt. No. 21), to which the defendants filed a reply (Dkt. No. 23). After having carefully considered the motions, responses, replies, and the applicable law, the Court determines that the defendants' motion to dismiss should be **DENIED**.

**II.   FACTUAL OVERVIEW**

This case concerns the plaintiff's challenge to the March 3, 2015 foreclosure sale of a residential reserve ("Reserve A") located on a 958.80 acre development in Brazoria County (the "Property"). The defendants are subsidiaries of National Timber Partners, LLC ("National"). In 2007, Oakwood executed a promissory Note and Deed of Trust payable to NTP in the amount of $3,605,440.00 for the construction of a residential subdivision on the Property. Simultaneously with the execution of the Note, Oakwood executed a Security Instrument encumbering the

958.80 acre Property. The lien was recorded in the real property records of Brazoria County, Texas as Doc. No. 2007042877. Under the terms of the Deed of Trust, if Oakwood defaulted, NTP could foreclose on any portion of the 958.80 acre Property. However, any foreclosures were subject to all "appurtenances," that confined NTP's foreclosure proceedings to all obligations and restrictions existing at the time of the foreclosure.

Subsequently, Oakwood surveyed and divided the Property into 360 lots and 8 reserves. A "Final Plat of Oakwood Shores" depicting the divided Property was recorded on April 15, 2008, in the real property records of Brazoria County, Texas as Doc. No. 2008019216. Oakwood also drafted a "Declaration of Covenants, Conditions and Restrictions for Oakwood Shores" concerning the Property (the "Declaration"). The Declaration provided that Oakwood was obligated to transfer all reserves to the plaintiff when it sold and conveyed 51% of the lots on the Property.

The plaintiff alleges that in 2011, Oakwood informed the plaintiff that it sold and conveyed more than 80% of the lots on the Property, but failed to transfer Reserve A of the Property to the plaintiff as mandated by the Declaration. As a result, the plaintiff filed suit against Oakwood on August 9, 2013, in the 149th Judicial District Court of Brazoria County, Texas to recover possession of Reserve A from Oakwood. On March 3, 2015, while the suit was pending, NTP foreclosed on Reserve A and was also the successful bidder at the foreclosure sale purchasing Reserve A for $733,264.43.

On June 12, 2015, the plaintiff amended its suit adding NTP as a party. Specifically, by way of its second amended complaint, the plaintiff seeks relief for: (1) violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA"); (2) a declaratory judgment specifying its right to Reserve A under the promissory Note and Deed of Trust; and (3) attorney's fees. On August 11,

2015, the defendants timely removed the state court action to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332.[1] The defendants now move to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

## III. LEGAL STANDARD

### A. Standard Under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

---

[1] The parties are completely diverse and the threshold amount in controversy is established as it is undisputed that the real property at issue in this case was sold to NTP for $733,264.43 at the foreclosure sale.

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what

statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

   B. **Rule 9(b) Standard**

A dismissal for failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure (9)(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)). Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The particularity required for such pleading, however, varies from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). The Fifth Circuit reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724 (citing *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted)); *see also, Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [] be laid out." *Benchmark Elecs.*, 343 F.3d at 724 (citing *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997)); *see also, Lone Star Ladies Inv. Club v. Schlotzsky's*

*Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

## IV.  ANALYSIS & DISCUSSION

### A.  The Plaintiff's Claim Under TUFTA

The Court denies the defendants' motion to dismiss regarding the plaintiff's TUFTA claim.  The TUFTA is intended to prevent debtors from placing property that should be made available to satisfy creditors' demands beyond the reach of creditors.  *See Arriaga v. Cartmill*, 407 S.W.3d 927, 931 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  Specifically, section 24.006(a) states the following:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

*Id*.

"In general, a determination of liability under TUFTA is a two-step process: first, a finding that a debtor committed an actual, fraudulent transfer or a constructive, fraudulent transfer; and, second, recovery of that fraudulent transfer, or its value, from the transferees." *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 436 (5th Cir. 2013) (internal citations omitted).  For purposes of the pending motions, the plaintiff may establish liability under TUFTA if it satisfies § 24.005(a)(1) of the statute, which states, in relevant part:

> [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor[.]

*Id.* (citing TUFTA § 24.005(a)(1)).

The plaintiff's second amended complaint alleges that evidence exist establishing that Oakwood as a debtor to the plaintiff fraudulently transferred Reserve A to NTP by way of foreclosure with the intent to hinder, delay, or defraud the plaintiff of Reserve A because the transfer: "(1) occurred during pending litigation; (2) was for a value substantially below the fair-market value of Reserve A; (3) was concealed because neither one of the Defendants informed Plaintiff of the foreclosure; (4) was to an insider: [] NTP; (4) resulted in [Oakwood] becoming insolvent; and (5) was substantially all of [Oakwood]'s assets." (Dkt. No. 16, ¶ 27). In other words, the plaintiff claims that Oakwood's default and NTP's foreclosure on Reserve A was a sham perpetuated to hinder the plaintiff from obtaining possession. The defendants argue that the plaintiff has not alleged a "transfer of an asset" within the meaning of the TUFTA. Specifically, the defendants aver that "[b]ecause the Property was encumbered by a valid lien, the foreclosure sale at issue does not fall within the purview of TUFTA." (Dkt. No. 19, ¶ 17). The Court disagrees.

The TUFTA governs fraudulent transfers of assets. An asset is defined under the statute as "property of the debtor." Tex. Bus. & Com. Code § 24.002(2). However, the statute excludes "property to the extent it is encumbered by a valid lien." Tex. Bus. & Com. Code § 24.002(2)(A). "Property" means anything that may be the subject of ownership. Tex. Bus. & Com. Code § 24.002(10). "Valid lien" means a lien that is effective against the holder of a judicial lien subsequently obtained by legal or equitable process or proceedings. Tex. Bus. & Com. Code § 24.002(13).

Here, the defendants' interpretation of an asset under TUFTA ignores the statute's plain language. As the plaintiff correctly exhort, Reserve A is an asset to the extent it is worth more

than the lien.  *See Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 610 n.6 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding equity in real property in excess of amount of a lien is an "asset" as defined in TUFTA).  In its second amended complaint, the plaintiff alleges that Reserve A was "estimated at a value of over one million dollars or possibly two million dollars." (Dkt. No. 16, ¶ 23).  It is also undisputed that NTP purchased Reserve A at the foreclosure sale for $733,264.43.  (*Id.*; *see generally* Dkt. No. 23).  Therefore, the Court finds that the plaintiff's complaint states a plausible TUFTA claim sufficient to survive the defendants' 12(b)(6) motion.  Accordingly, the Court denies the defendants' motion with respect to the plaintiff's TUFTA claim.

       **B.**       **The Defendants' Rule 9(b) Motion**

The Court denies the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) because the Court determines that the plaintiff has pled a TUFTA claim with sufficient particularity.  Rule 9(b) does not operate in isolation, but rather should be read "as part of the entire set of rules, including Rule 8(a)'s insistence upon 'simple, concise, and direct' allegations."  *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 178 (5th Cir. 1997).  While the Fifth Circuit has not squarely confronted whether the demanding strictures of Rule 9(b) apply to TUFTA, courts have noted that Fifth Circuit precedent favors such application.  *See Indiana Bell Tel. Co. Inc. v. Lovelady*, No. SA-05-CA-285-RF, 2006 WL 508108, at *3 (W.D. Tex. Jan. 11, 2006) (citing *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 608-9 (5th Cir. 1967)).  To satisfy Rule 9(b), a plaintiff's complaint must set out "the who, what, when, where, and how" of the fraud.  *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

      The plaintiff has met this standard.  In its second amended complaint, the plaintiff provides specific descriptions of an alleged chain of events leading to the plaintiff's purported

fraudulent transfer. The plaintiff's allegations also provide details concerning the parties involved and their relationships, the approximate dates of the relevant chain of events, and the locations of the real property involved in this dispute. The Court also notes that a substantial part of the facts alleged are in the public record. These facts, when taken as true, establish that the defendant engaged in acts that may fall within the ambit of the TUFTA. Accordingly, the Court finds that the plaintiff has pled its TUFTA claim with sufficient specificity and denies the defendants' Rule 9(b) motion.

### C.  Declaratory Relief

The Court denies the defendants' motion to dismiss regarding declaratory relief as premature. This claim is remedial in nature, and is therefore dependent on the plaintiff's assertion of a viable cause of action. *See Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) (declaratory judgment actions are remedial only). Given the Court's ruling on the plaintiff's TUFTA claim, the Court need not address the claim for a declaratory judgment at this time. Therefore, the Court denies the defendants' motion to dismiss the plaintiff's claim based on a declaratory judgment.

### V.  CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion to dismiss **DENIED**.

It is so **ORDERED**.

SIGNED on this 26th day of August, 2016.

_____
Kenneth M. Hoyt
United States District Judge